**UNITED STATES of America, Plaintiff,**

v.

**Francesco MICHIENZI et al., Defendants.**

**No. CR 78–100.**

United States District Court, N. D. Ohio, W. D.

Jan. 23, 1981.

James D. Jensen, Asst. U. S. Atty., Toledo, Ohio, for plaintiff.

Leonard Catri, Sandusky, Ohio, for defendants.

DON J. YOUNG, Senior District Judge:

The defendant was convicted of three counts of aiding and abetting mail fraud. On appeal, the Court of Appeals set aside the conviction on one count, but allowed the convictions on the remaining two counts to stand.

The defendant was given concurrent sentences of five years imprisonment, and on condition that six months of the sentence be served in a jail type or treatment institution, the execution of the balance of the sentence of imprisonment was suspended, and the defendant was placed on probation. Defendant was also fined One Thousand Dollars ($1,000.00) on each count.

On December 29, 1980, the defendant commenced serving his imprisonment in the Lucas County Jail. He has since filed a motion with the Court seeking to be granted work release. This motion has been vigorously opposed by the Government on three grounds.

The first ground is that the purpose of work release programs is to permit the defendant to continue his employment, minimizing financial harm to his dependents, and not losing his job, with difficulties in gaining new employment when released. These factors do not exist here.

The second ground is deterrence of others by making the public aware of the conse-

quences of crime. Work release would denigrate the deterrent effect of the punishment, and would make the public feel that persons of wealth, power and position escape real punishment.

The third reason is that the defendant's attitude does not indicate contrition or repentence, which are the first steps in rehabilitation. Work release is basically a rehabilitation program, and the burden it casts upon the prison administration ought not to be imposed when there is no real reason to expect rehabilitation.

The defendant himself suggests no reason why he should be granted work release, nor does any occur to this Court. In some cases the Court has found that work release is perhaps the harshest punishment that the law permits, but this does not incline the Court to administer it here, or to feel that it would bear harshly on this defendant. This is not to suggest that this Court does not favor work release programs. Quite the contrary. When these programs were being developed, this Court put a great deal of time and effort into securing their adoption. But as the Government points out, work release programs are not designed to deal with such offenders as this defendant.

There is, however, a serious legal question as to whether this Court has, or should have, the power to order a defendant to be admitted to a work release program. If the statute prescribes a penalty of imprisonment, the details of how and when the defendant shall be confined are under the control of the Executive, rather than the Judicial, Branch. In the *Wolfish* case,[1] the Supreme Court has warned the District Courts not to substitute their judgment as to such matters for that of the prison administrators.

 On a prisoner's motion for reduction of sentence, the Court can perhaps shorten the length of a sentence, or even suspend it entirely, but beyond that it cannot and should not go.

 The Court's probation department, which is an agency of the Executive Branch of the Government, might perhaps have some authority to determine that the defendant should be placed in a work release program. However, on becoming aware of the defendant's motion, that department sent up a memorandum saying that work release did not appear to be appropriate in this case, for the same reasons set forth by the United States Attorney in his memorandum opposing the motion. This Court has great respect for the judgment of the probation staff, and rarely disregards their professional opinions.

This Court believes that it cannot grant the defendant's motion, but would not if it could. The defendant's motion will be overruled.

WHEREFORE, for the above stated reasons, good cause appearing, it is

ORDERED that defendant's motion for work release be, and it hereby is, OVERRULED.

---

1.  *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).